**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>DAVID SIDOO, *et al.*<br><br>       Defendants. | Case No. 1:19-cr-10080-NMG<br><br><br>**FILED UNDER SEAL**<br><br>**DO NOT SCAN** |

**AMY AND GREGORY COLBURN'S MOTION**
**FOR LEAVE TO SERVE PRETRIAL SUBPOENAS ON**
**THE COLLEGE BOARD AND EDUCATIONAL TESTING SERVICE**

Pursuant to Federal Rule of Criminal Procedure 17(c)(1), Defendants Amy and Gregory Colburn ("the Colburns") move this Court for leave to serve subpoenas on the College Board and Educational Testing Service ("ETS") to produce specified records that will assist the Colburns' defense at trial. Copies of the proposed subpoenas are attached as Exhibits ("Ex.") A and B ("the proposed subpoenas").

I.      <u>**Background**</u>

The Colburns are two of 19 defendants charged in a multi-count indictment in the "Varsity Blues" prosecution. The charges against the Colburns center around their relationship with Rick Singer, whom the Colburns retained to help prepare their child for the Scholastic Aptitude Test ("SAT") and for advice on his college search. Based on their relationship with Mr. Singer, the government has charged the Colburns with two violations of the federal criminal code: (1) conspiracy to commit mail and wire fraud and honest services mail and wire fraud; and (2) conspiracy to commit money laundering. *See* Fourth Superseding Indictment ("FSI"), ¶¶ 370,

1

374  (ECF No. 732).[1]

In particular, the government alleges that the Colburns "agreed with Singer to pay $25,000 to have [Mark] Riddell pose as a proctor for their son's SAT exam and secretly correct his answers." FSI at ¶ 97. On March 10, 2018 Thomas Colburn took the SAT. *Id.* at ¶ 105. The government alleges that Mr. Riddell proctored the exam and that Mr. Dvorskiy was the administrator of the exam for the College Board. *Id.* at ¶ 32. According to the government, after Thomas Colburn completed his exam, Mr. Riddell "reviewed and corrected [Thomas Colburn's] answers" and achieved a score of 1190 out of a possible 1600. *Id.* at ¶¶ 107-108.[2] The government claims that Mr. Dvorskiy subsequently transmitted the corrected exam to the College Board.  *Id.* at 109.

## II.    <u>The Proposed Subpoenas</u>

The Colburns have prepared identical subpoenas to The College Board and ETS. The College Board is a nonprofit organization that "connects students to college success and opportunity."[3] ETS is a nonprofit organization that develops and administers exams and programs, including the SAT, on behalf of the College Board.[4]



1.

---

[1] The Colburns were not charged with "college admissions" allegations, and they were not implicated in any additional charges in either the Third Superseding Indictment or the FSI (i.e. federal program bribery, standalone fraud, or tax fraud counts).

[2] To date, more than 10 months after the initial indictment was returned, the government has not produced any information to the Colburns related to this allegation.

[3] *See* https://about.collegeboard.org/overview

[4] *See* https://www.ets.org/about/faq

2. 

Because it is unclear to the Colburns whether the College Board or ETS maintains this information, identical subpoenas have been prepared to each organization.[5]

## III.   Argument

### A.   Legal Standard

Rule 17(c)(1) provides as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has recognized that the "chief innovation" of Rule 17 was to "expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials . . ." *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974) (emphasis in original), citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951).

To satisfy Rule 17(c)(1), the proponent of the subpoena must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made

---

[5] ETS claims that it "develops and administers the SAT . . . on behalf of the College Board," that the College Board "sponsors these testing programs and decides how they will be constructed, administered and used," and that "the College Board is our largest client . . ." *See* https://www.ets.org/about/faq, accessed January 14, 2020. The precise relationship between the entities and their respective roles regarding the information sought in the subpoenas is unclear.

in good faith and is not intended as a general 'fishing expedition.'
*Nixon,* 418 U.S. at 699-700, citing *U.S. v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). In essence, the moving party must show (1) relevancy, (2) admissibility, and (3) specificity with respect to the proposed subpoena. *See Nixon*, 418 U.S. at 700; *see also U.S. v. La Rouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988). "The test . . . is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device.'" *U.S. v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). The trial court has discretion to determine if Rule 17(c) is satisfied with respect to a subpoena requiring pretrial production of information. *See La Rouche Campaign*, 841 F.2d at 1180; *see also U.S. v. Lieberman*, 608 F.2d 889, 904 (1st Cir. 1979); *U.S. v. Liddy*, 478 F.2d 586, 587-88 (D.C. Cir. 1972).

**B.      The Proposed Subpoenas Should Be Issued**

The proposed subpoenas easily satisfy these standards.

1.      <u>The Requested Information is Relevant</u>

a.      ██████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████  █████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



b.

5892006.1



5892006.1

In short, because there is a "sufficient likelihood that the evidence is relevant to the offenses charged in the indictment," *see Nixon*, 418 U.S. at 700, the proposed subpoenas should issue.

    2.    <u>The Records Are Likely to be Admissible</u>



In short, because there is a "sufficient preliminary showing" that the requested evidence is admissible with respect to the charged offenses, the Motion should be allowed. *See Nixon*, 418 US at 700.

    3.    <u>The Requests Are Specific</u>

Finally, the requests in the proposed subpoenas are specific. ▓▓▓▓▓▓▓

## IV.  <u>Conclusion</u>

The proposed subpoenas are targeted and specific and will yield evidence that is likely to be admissible at trial and relevant to the Colburns' defenses. It is a "good faith effort to obtain identified evidence." *See La Rouche Campaign*, 841 F.2d at 1179. Therefore, the Colburns respectfully request that the Court allow the instant Motion and issue the proposed subpoenas.

7

Respectfully submitted,


/s/ *David S. Schumacher*
David S. Schumacher (BBO #647917)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, MA 02210
(617) 532-2700
(617) 345-3927 (fax)
dschumacher@health-law.com

Patric Hooper (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
(310) 551-8111
(310) 551-8181 (fax)
phooper@health-law.com

Jordan Kearney (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
575 Market Street, Suite 2300
San Francisco, CA 94105
(415) 875-8500
(415) 875-8519 (fax)
jkearney@health-law.com

Counsel for Amy and Gregory Colburn

DATED: January 21, 2020

## **RULE 7.1 CERTIFICATION**

Undersigned counsel certifies that, on January 10, 2020, he conferred with counsel for the government, and the government takes no position on the Motion.

8

**CERTIFICATE OF SERVICE**

I, David S. Schumacher, counsel for the Defendant, hereby certify that this document

filed through the CM/ECF system will be sent electronically to the registered participants as

identified on the NEF and paper copies will be sent to those indicated as non-registered

participants on January 21, 2020.

*David S. Schumacher*
David S. Schumacher

5892006.1