UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-CR-110080-NMG

UNITED STATES OF AMERICA

v.

DAVID SIDOO, et al.

ORDER AND
FINAL STATUS REPORT

May 5, 2020

KELLEY, M.J.

The final status conference in this case was held today, May 5, 2020. The parties filed a joint final status report setting out all required information (#1140). To date, no defendants are requesting R. 11 hearings.

The government has produced the discovery materials as set out in the status report filed on April 9, 2020 (#1071). Defendants may have additional discovery requests after reviewing the government's latest production. Defendants will file any remaining discovery motions by May 22, 2020, and the government will have until June 5, 2020, to respond. Defendants proceeding to trial on September 29, 2020, will produce reciprocal discovery by July 17, 2020.

Defendants filed 18 motions under Fed. R. Crim P. 12(b), on March 31 and April 1, 2020. The government filed responses to eight of the motions on April 30, and will file a response to the remaining motions by May 8, 2020. Defendants' replies to the April 30

responses shall be filed by May 15, and replies to the May 8 responses shall be filed by May 27, 2020.

No defendant intends to raise a defense of insanity or public authority.

The government estimates trial will take three to six weeks, assuming trial will be held on a schedule of three-quarter days.

Defendants request expert discovery. The government shall provide expert disclosures 90 days before trial, and defendants, 60 days before trial.  Rebuttal experts shall be noticed 30 days before trial.

With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 5(b)(7) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008), that the interests of justice, i.e., for defendants and the government to continue preparing the case, outweigh the best interests of the public and the defendants for a trial within seventy days of defendants' arraignment.

Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of May 5, 2020, to the date the parties appear before the District Court for the pretrial status conference, July 28, 2020, under the Speedy Trial Act.[1]

    / s /Page Kelley
M. Page Kelley
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).