United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| v.        ) | |
| ) | Criminal Action No. |
| **Sidoo et al,**   ) | 19-10080-NMG |
| ) | |
| **Defendant.**  ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The government has charged defendants with conspiring with William "Rick" Singer ("Singer") to have their children fraudulently admitted to elite universities by, <u>inter</u> <u>alia</u>, fabricating applications, falsifying academic and athletic credentials, cheating on standardized tests, making payments to corrupt exam proctors and bribing university employees and athletic coaches.

The defendants have moved to sever their trials.  For the following reasons, and reasons broadly set out by this Court in its prior opinions in this case, including the denial of defendant Zangrillo's request to sever his trial, that motion will be denied.

I.   **Background**

The facts of this case have been extensively recited several times by this Court. <u>See</u> Docket Nos. 1169, 1334 and

1373. In February, 2020, given the large number of defendants, this Court divided them into two groups for trial based principally upon their alleged conduct. The Court set an October, 2020, trial date for Defendants Abdelaziz, Diane and Todd Blake, Giannulli, Loughlin, Wilson, Zadeh and Zangrillo, and a January 11, 2021, trial date for Defendants Gregory and Amy Colburn, Chen, Kimmel, McGlashan and Palatella. Since that time, defendants Diane Blake, Todd Blake, Giannulli and Loughlin have pled guilty. There are currently four defendants scheduled to be tried together in October, 2020, and six in January, 2021.

## II. Motion to Sever

### A. Legal Standard

In considering a motion to sever pursuant to Fed. R. Crim. P. 14 the protocol in the First Circuit is that:

> those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources. . . .

United States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2004).

To overcome the presumption in favor of a joint trial, a defendant must demonstrate "prejudice so pervasive that a miscarriage of justice looms." United States v. Sotomayor-Vazquez, 249 F.3d 1, 17 (1st Cir. 2001); see also United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (noting that "when multiple defendants are named in a single indictment, a defendant who seeks a separate trial can ordinarily succeed in

obtaining one only by making a strong showing of evident prejudice"). Under this stringent standard, the requisite showing of prejudice "means more than just a better chance of acquittal at a separate trial." United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008).

In conspiracy cases, the preference for a joint trial is "particularly strong." United States v. DeNunzio, No. CRIM.A. 14-10284, 2015 WL 2226251, at *3 (D. Mass. May 12, 2015); see also United States v. Floyd, 740 F.3d 22, 37 (1st Cir. 2014)(noting that "[d]emonstrating unfair prejudice sufficient to require severance of coconspirators' trials is a difficult battle for a defendant to win")(citation and internal quotations omitted). In fact, severance "will rarely, if ever, be required" in the context of a conspiracy case. Id. at 36 (quoting United States v. Flores-Rivera, 56 F.3d 319, 325 (1st Cir. 1995)).

**B. Application**

The defendants contend that joint trials would lead to prejudicial spillover and any limiting instructions to the jury would be insufficient to safeguard them from the risk of undue prejudice. Defendants' arguments stem largely from their conviction that the FSI does not properly allege a single over-

arching conspiracy, a claim which this Court has previously considered and rejected.

> In a conspiracy,
>
> virtually all the evidence relating to the other conspirators [is] also directly relevant to, and, therefore, independently admissible in, the prosecution's case against [the defendant moving for severance]

Flores-Rivera, 56 F.3d at 325-26.

The FSI alleges a singular over-arching scheme by which defendants sought to have their children fraudulently admitted to elite universities.  Evidence pertinent to the admissions scheme as a whole, Singer's operation, his associates, college admissions practices, etc., is all relevant to the charges against each of the co-conspirators in both trial groupings. Regardless of whether they participated in the "side-door" scheme, the test taking scheme or a different scheme with Singer, the evidence introduced against one defendant will largely be relevant and admissible as to each defendant.

As this Court has previously noted, if separate trials were to be held, much of the evidence and many witnesses would be duplicative and evidence which is relevant to one defendant's guilt may also be relevant to proving the overall conspiracy. See United States v. Prange, 922 F. Supp. 2d 127, 129 (D. Mass. 2013).  In summary, there is common and overlapping evidence

among each grouping of defendants and across both trial groupings making severance gratuitous.

Moreover, allegations of potential prejudicial spillover or the potential for incidental spillover do not compel severance. United States v. Webb, 827 F. Supp. 840, 843 (D. Mass. 1993); United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993) (noting that "[i]ncidental spillover prejudice, which is almost inevitable in a multi-defendant trial, does not suffice [to warrant severance]"). The First Circuit Court of Appeals has noted that "the spillover effect . . . rarely constitutes sufficient prejudice to warrant severance." United States v. Azor, 881 F.3d 1, 12 (1st Cir. 2017). Any potential for spillover prejudice in this case does not merit severance.

As this Court has previously stated in the case of defendant Zangrillo, the defendants have been grouped by their conduct to avoid prejudice. To the extent that any potential prejudicial spillover may occur, the Court will consider appropriate limiting instructions to the jury. See United States v. Candelario-Santana, 834 F.3d 8, 24 (1st Cir. 2016) (noting that "a trial court can safeguard a defendant from potentially prejudicial spillover by delivering jury instructions as to the admissibility of the evidence"); United States v. Babich, No. 16-CR-10343-ADB, 2019 WL 163102, at *3 (D. Mass. Jan. 10, 2019).

As a final point, separate trials would be extremely costly to the government and in judicial resources. Accordingly, the Court will not sever the defendants' trials.

**ORDER**

For the foregoing reasons, defendants' motion to sever (Docket No. 1033) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 22, 2020