United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| Colburn et al, ) | 19-10080-NMG |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The government has charged defendants with conspiring with William "Rick" Singer ("Singer") to have their children fraudulently admitted to elite universities by, inter alia, fabricating applications, falsifying academic and athletic credentials, cheating on standardized tests, making payments to corrupt exam proctors and bribing university employees and athletic coaches.

The defendants have moved to strike the second sentence of paragraph 119 of and all of paragraph 121 from the Fourth Superseding Indictment ("the FSI") because they claim those allegations are immaterial, irrelevant and highly prejudicial. For the following reasons that motion will be denied.

I. **Background**

The facts of this case have been extensively recited several times by this Court. See Docket Nos. 1169, 1334 and

1373. Relevant to their motion to strike, the subject paragraphs refer to allegations that Singer transferred money to Donna Heinel personally in furtherance of the admission scheme. Specifically, the second sentence of paragraph 119 states:

> Subsequently, Heinel and Singer agreed that instead of directing this money to USC, Heinel would receive payments of $20,000 per month personally in exchange for her assistance in securing the admission of ABDELAZIZ's daughter, and the children of other Singer clients, to USC as purported athletic recruits.

And paragraph 121 states:

> In or about July 2018, KWF began paying Heinel $20,000 per month in exchange for facilitating the admission of ABDELAZIZ's daughter, and the children of other Singer clients, to USC as purported athletic recruits. The payments included at least one check that Singer mailed from Massachusetts to Heinel in California on or about January 3, 2019.

## II. **Motion to Strike**

### A. Legal Standard

Federal Rule of Criminal Procedure 7(d), under which a court may strike surplusage from an indictment,

> serves to protect the defendant against immaterial or irrelevant allegations in an indictment . . . which may . . . be prejudicial.

United States v. Lewis, 40 F.3d 1325, 1346 (1st Cir. 1994). A motion to strike is subject to an exacting standard and should be granted

> only if the allegations are inflammatory, prejudicial, and irrelevant to the crime charged . . . . The determinative question in a motion to strike surplusage is not the

prejudice, but the relevance of the allegation to the crime charged.

United States v. Sawyer, 878 F. Supp. 279, 294 (D. Mass. 1995), aff'd, 85 F.3d 713 (1st Cir. 1996)(internal quotation omitted); see also United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996)(noting that a motion to strike "will be granted only where the challenged allegations are not relevant to the crime charged"). The decision whether to strike is "left to the sound discretion of the district court." Lewis, 40 F.3d at 1346.

**B. Application**

Defendants contend that allegations that Singer paid Heinel personally are irrelevant and prejudicial because, while they knew and agreed to send funds to support University of Southern California athletic programs, they did not know, nor did they agree, that those funds would be paid to Heinel personally. Defendants maintain that the government has conceded that the parents did not know that their payments would be transferred to Heinel's personal account. In effect, the defendants aver that the Singer-Heinel agreement was a separate conspiracy and not part of the larger over-arching conspiracy and therefore the allegations in the FSI pertaining to that agreement should be stricken.

The government rejoins that the Singer-Heinel arrangement was part of the larger conspiracy with which all defendants are

charged. The government contends that the Singer-Heinel agreement to allocate funds directly to Heinel personally were, therefore, actions taken in furtherance of the conspiracy and are thus relevant.

As this Court has previous noted, the FSI properly alleges that, at the time Singer mailed checks to Heinel personally, a single over-arching conspiracy was ongoing. According to the government, those payments were made in furtherance of that conspiracy, not as part of a distinct or separate agreement. That defendants may not have been aware of the arrangement between Singer and Heinel is immaterial at this stage. United States v. Berroa, 856 F.3d 141, 154 (1st Cir. 2017)(noting that "[t]he government need not show that . . . the conspirators knew all of the details of the conspiracy or participated in every act in furtherance of the conspiracy").

Although the government does not allege that the defendants knew that Singer agreed to pay Heinel $20,000 per month, such evidence is relevant to explain the full extent of the conspiracy and to show what happened to the money paid by the parents. Whether that evidence should be admitted at trial only in conjunction with a limiting instruction to the jury is, however, a question for another day.

In conclusion, because the allegations in paragraphs 119 and 121 are relevant to the over-arching conspiracy and are not

unduly prejudicial, defendants have not met the exacting standard for a motion to strike and the relevant paragraphs will not be stricken from the FSI.

### ORDER

For the foregoing reasons, defendants' motion to strike the second sentence of paragraph 119 and all of paragraph 121 (Docket No. 1244) is **DENIED**.

So ordered.

                                                                  _____
                                                                  Nathaniel M. Gorton
                                                                  United States District Judge

Dated July 24, 2020