United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Gregory Colburn, et al.,<br><br>Defendants. | Criminal Action No.<br>19-10080-NMG |

**ORDER**

GORTON, J.

The government has charged defendants Amy Colburn ("A. Colburn"), Gregory Colburn ("G. Colburn") and I-Hsin "Joey" Chen ("Chen") (collectively, "the moving defendants"), as well as multiple other co-defendants, with conspiring with William "Rick" Singer to have their children fraudulently admitted to elite universities by, inter alia, cheating on standardized tests and making payments to corrupt exam proctors ("test cheating").

Pending before the Court is a motion of the moving defendants to transfer their case to the United States District Court for the Central District of California because California is 1) defendants' domicile, 2) where the underlying events

-1-

allegedly occurred and 3) where the majority of witnesses and defense counsel are located. For the reasons that follow, that motion will be denied.

I. **Background**

The facts of this case have been extensively recited several times by this Court. See, e. g., Docket Nos. 1169, 1334 and 1373.

In February, 2020, given the large number of defendants, this Court divided the case into two groups for trial based principally upon their alleged conduct. The Court set an October, 2020, trial date for defendants Abdelaziz, Diane and Todd Blake, Giannulli, Loughlin, Wilson, Zadeh and Zangrillo, and a January, 2021, trial date for defendants Gregory and Amy Colburn, Chen, Kimmel, McGlashan and Palatella. Since that time, the trial dates have been postponed due to COVID-19, defendants Diane and Todd Blake, Giannulli, Loughlin and McGlashan have pled guilty and defendant Zangrillo has accepted a presidential pardon.

Also during that period, defendants moved, inter alia, to dismiss the indictment for improper venue and to further sever their trials but the Court denied those motions in July, 2020. See Docket Nos. 1402 and 1414. In so ruling, this Court concluded that the Fourth Superseding Indictment alleges a

singular, over-arching scheme which connects the defendants to the District of Massachusetts and to each other.

In February, 2021, the Court re-consolidated the case for trial with respect to the remaining eight defendants and scheduled that trial to begin in September, 2021.

II. **Motion to Transfer**

A. **Legal Standard**

A court has discretion in deciding whether to transfer a criminal case and may do so if transfer would further both convenience and the interest of justice. See Fed. R. Crim. P. 21; United States v. Acherman, 140 F. Supp. 3d 113, 118 (D. Mass. 2015). When considering a motion to transfer, a court should consider 1) the location of the defendants, 2) the location of prospective witnesses, 3) the location of the relevant events, 4) the location of key evidence, 5) any disruption to defendants' business absent transfer, 6) expense to the parties, 7) counsel's location, 8) accessibility of the trial location, 9) the docket condition of the transferor and transferee districts and 10) other special factors. Acherman, 140 F. Supp. 3d at 118 (citing Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240 (1964)). No one factor is dispositive and the location of a defendant's home "has no independent significance". United States v. Hess, 302 F.R.D. 283, 284 (D. Mass. 2014).

Furthermore, transfer should not be used as a "back door" to severance. United States v. Noetzel, 124 F.R.D. 518, 520-21 (D. Mass. 1989). Where transfer would necessitate severance, "the court must also consider the impact upon the Government and the administration of justice". Id.

### B. Application

Here, the moving defendants have not shown that, at this late stage, transferring their prosecution to California is warranted by convenience or the interest of justice. Although it may be more inconvenient and expensive for the Colburns and Chen to travel from California to Massachusetts for trial, any such inconvenience is outweighed by other considerations, including that 1) the prosecution team is located in the District of Massachusetts, 2) the trial of the non-moving defendants will remain in this district, 3) this Session is already acutely familiar with the facts of this case which has been pending in this Court for more than two years and 4) any judge to whom the case is transferred would have to familiarize him or herself with the action which would waste judicial resources and cause unnecessary delay. See United States v. Charles, No. 12-cr-00125, 2013 WL 997456, at *9 (D. Me. Mar. 13, 2013) (denying defendant's motion to transfer, in part, because the case was ready for trial and "[a]ny transfer at this late stage in the proceedings will cause unusual delay"); United

States v. Riley, 296 F.R.D. 272, 278 (S.D.N.Y. 2014) (noting that a "defendant's delay in making a Rule 21 motion counsels against transfer, especially when the trial court considering the motion is already familiar with the case").

The moving defendants also raise logistical considerations in support of their motion, namely, that the Court will be unable to hold a single, eight-defendant trial in September, 2021. Even if that is true, however, defendants' argument would compel only a severance, not a transfer. Because the Court finds nothing in defendants' pleading demonstrates that transfer is in the interest of overall convenience or justice, it will deny defendants' motion.

### ORDER

For the foregoing reasons, defendants' motion to transfer (Docket No. 1867) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated June 15, 2021